USDC SCAN INDEX SHEET

















CAG   2/8/01   8:27

3:00-CR-03499   USA V. CURTIS

*41*

*CRRESP.*

ORIGINAL

1  GREGORY A. VEGA
   United States Attorney
2  AMALIA L. MEZA
   Assistant U.S. Attorney
3  California State Bar No. 089722
   Federal Office Building
4  880 Front Street, Room 6293
   San Diego, California 92101-8893
5  Telephone: (619) 557-6092

6  Roy Conn III
   Gerard Hogan
7  Trial Attorneys, Criminal Section
   Civil Rights Division, Department of Justice
8
   Attorneys for Plaintiff
9  United States of America

10

11                 UNITED STATES DISTRICT COURT

12               SOUTHERN DISTRICT OF CALIFORNIA

13  UNITED STATES OF AMERICA,      )    Criminal Case No. 00cr3499-H
                                   )
14                Plaintiff,       )    Date:  February 8, 2001
                                   )    Time:  1:30 p.m.
15         v.                      )
                                   )    GOVERNMENT'S SUPPLEMENTAL
16  ALEXANDER CURTIS,              )    RESPONSE AND OPPOSITION TO
                                   )    DEFENDANT'S MOTION TO REVOKE
17               Defendant.        )    DETENTION ORDER
    _____    )

18

19      COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and

20  through its counsel, Gregory A. Vega, United States Attorney, and

21  Amalia L. Meza, Assistant United States Attorney, and hereby files

22  its Supplemental Response and Opposition to Defendant's Motion to

23  Revoke Detention.  Said motion is based upon the files and records

24  of this case, together with the attached statement of facts and

25  memorandum of points and authorities.

26  //

27  //

28

I

INTRODUCTION

The Government submits a supplemental memorandum of points and authorities.

II

LEGAL ANALYSIS

A.   A REBUTTABLE PRESUMPTION EXISTS
     THAT DEFENDANT SHOULD BE DETAINED

Under Title 18, U.S.C., Section 3142(e) and (f), there is a rebuttable presumption that no conditions of release can reasonably assure the safety of the community when the defendant is charged with a "crime of violence" if the judicial officer finds that the person has been convicted of a federal or state crime which was also a crime of violence.[1]

CURTIS was previously convicted of a state offense in 1993 for threatening to kill Morris Casuto.  There is no question the 1993 conviction constitutes a crime of violence.  Under Section 3142 (e) a rebuttable presumption exists that no condition of release can reasonably assure the safety of the community.  The burden is therefore on the defendant to produce evidence justifying his

---

[1]   Section 3142(e) states the following regarding a prior conviction for a crime of violence:

> In a case described in subsection (f)(1) of this section, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the safety of any person and the community if such judicial officer finds that -(1) the person has been convicted of a Federal offense that is described in subsection (f)(1) of this section, or of a State or local offense that would have been an offense described in subsection (f)(1) of this section if a circumstances giving rise to Federal jurisdiction had existed. . . .

1 | pretral release.  <u>See</u>, <u>United States v. Moore</u>, 607 F.Supp. 489
2 | (N.D. Cal. 1985); <u>United States v. Freitas</u>, 602 F. Supp. 1283 (N.D.
3 | Cal. 1985).

4 |     B.    THE CRIMES CHARGED ARE CRIMES OF VIOLENCE

5 |     In <u>United States v. Greer</u>, 939 F.2d 1076, 1099, rehearing en
6 | banc, 948 F.2d 934, amended on other grounds, 968 F.2d 433 (5th
7 | Cir.), <u>cert. denied</u>, 507 U.S. 962 (1993), the Fifth Circuit held
8 | that a conspiracy to deprive citizens of their civil rights in
9 | violation of section 241 is a crime of violence because it creates
10 | a "substantial risk" of violence:

> And as the government points out, an agreement to
> "injure, oppress, threaten, or intimidate" an individual
> creates a substantial risk of the possible use of force.
> The words "injure," "oppress," "threaten," and
> "intimidate" have definitions that assume that force can
> be used. The government also correctly demonstrates that
> the defendants are wrong in contending that a conspiracy
> cannot create a substantial risk of physical force, as
> the offense is complete upon reaching an agreement
> without the use of any force.

Indeed, as the court said in Chimurenga, "a conspiracy to commit an
act of violence is an act involving a 'substantial risk' of
violence." 760 F.2d at 404 (citations omitted).

    The Ninth Circuit cited the Greer case approvingly in <u>United
States v. Mendez</u>, 992 F.2d 1488, 1492, noting that a "conspiracy to
deny citizens their civil rights in violation of 18 U.S.C. Section
241 is a 'crime of violence'."

    C.    THE GOVERNMENT MAY PROCEED BY PROFFER

    Detention hearings are typically handled by proffer under the
Bail Reform Act of 1984.  <u>See</u> <u>United States v. Smith</u>, 79 F.3d 1208,
1210 (D.C. Cir. 1996) ("Every circuit to have considered the
matter...[has] permitted the government to proceed by way of

1 proffer"); <u>United States v. Gaviria</u>, 828 F.2d 667, 669 (11th Cir.
2 1987); <u>United States v. Winsor</u>, 785 F.2d 755, 756 (9th Cir. 1986)
3 ("As in a preliminary hearing for probable cause, the government
4 may proceed in a detention hearing by proffer or hearsay"); <u>United
5 States v. Acevedo-Ramos</u>, 755 F.2d 203, 208 (1st Cir. 1985), ("Bail
6 hearings under the Bail Reform Act...proceed primarily by way of
7 proffers'); <u>United States v. Ward</u>, 63 F.Supp.2d 1203, 1210 (C.D.Ca
8 1999), ("Consequently, both the government and the defendant may
9 proceed by proffer or hearsay").

10    The Government may rely on an indictment to establish probable
11 cause to believe that a crime triggering a Section 3142(e)
12 presumption has been committed.  <u>See</u>, <u>United States v. Contreras</u>,
13 776 F.2d 51 (2d Cir. 1985).

14    A blanket denial of the proffer or charges in an indictment is
15 insufficient to counter the Government's proffer or to allow the
16 defendant to call witnesses.  "The defense may not call witnesses
17 who ordinarily would be expected to testify for the government at
18 trial, unless they can proffer to the court in reasonable detail
19 how they expect that testimony to negate substantial probability."
20 <u>United States v. Edwards</u>, 430 F.2d 1321, 1334 (D.C. Cir. 1981) (en
21 banc), <u>cert. denied</u>, 455 U.S. 1022 (1982).  Without a proffer from
22 the defendant that the government's proffered information is
23 incorrect, a judge is not required to allow the defendant to call
24 witnesses.  <u>United States v. Winsor</u>, 785 F.2d 755, 756 (9th Cir.
25 1986).
26 //
27 //
28 //

II

CONCLUSION

For the foregoing reasons, defendant's motion to revoke the detention order should be denied.

DATED:   February 5, 2001.

GREGORY A.   VEGA
United States Attorney


_Amalia L. Meza_
AMALIA L. MEZA
Assistant U.S. Attorney

5

00cr3499-H

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal Case No. 00CR3499H |
| Plaintiff, | ) | |
| | ) | CERTIFICATE OF SERVICE |
| v. | ) | BY MAIL |
| | ) | |
| ALEXANDER CURTIS, | ) | |
| Defendant. | ) | |

STATE OF CALIFORNIA )
                                    ) ss.
COUNTY OF SAN DIEGO )

IT IS HEREBY CERTIFIED THAT:

I, SUSAN A. NARANJO, am a citizen of the United States over the age of eighteen years and a resident of San Diego County, California; my business address is 880 Front Street, San Diego, California 92101-8893; I am not a party to the above-entitled action; and subsequent to filing with the Clerk of the Court, I have deposited in the U.S. mail at San Diego, California, in an envelope bearing the requisite postage, a courtesy copy of Government's Supplemental Response and Opposition to Defendant's Motion to Revoke Detention Order to:

**Bernard G. Skomal, Esquire**
**1550 Broadway, Suite P**
**Chula Vista, CA  91911**

the last known address, at which place there is delivery service of mail from the United States Postal Service.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 5th day of February, 2001.

SUSAN A. NARANJO